IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,657-01






EX PARTE MICHAEL LAKEITH HUBBARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05CR-16,561 IN THE 273RD DISTRICT COURT


FROM SHELBY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to fourteen (14) years' imprisonment. He did not appeal his
conviction.

 Applicant contends that his plea was involuntary because the plea agreement cannot be
followed. Specifically, he alleges that he pleaded guilty upon the condition that he would receive
1578 days credit, but that the agreement cannot be followed as he only committed his offense 737
days before sentencing. He alleges that his trial counsel and the trial judge both assured him that
he would get the 1578 days pre-sentence jail time credit and that he would not have pleaded guilty
but for the promise of the credit. Applicant has alleged facts which, if true, could entitle him to
relief.

 On August 20, 2008, and April 30, 2008, this Court remanded this application to get an
affidavit from counsel. In response to these remand orders, the trial judge entered findings of fact
and conclusions of law recommending that relief be denied because the agreement concerned good
time credits and not credit for time served in county jail. However, all court documents, including
the transcription of the court reporter's notes from the plea hearing, indicate that the agreement
concerned credit for time served in county jail. The only piece of evidence which supports a finding
that the agreement concerned good time credits is an affidavit filed by Bethany Stephens, the
Assistant District Attorney who prosecuted the case, in response to Applicant's habeas allegations. 
We note that the information in the affidavit is contrary to the information Stephens provided at the
plea hearing, when she advised the trial judge that the "State agrees to dismiss Cause No. 05-CR-16,612 and give him credit for time served which is 1578 days." [emphasis added]. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for the findings of fact. In this case, we find that a live hearing is
necessary to resolve the discrepancy between the information contained in the court record and the
information contained in the affidavit. Thus, this cause is remanded to the trial court for a live
hearing so that the parties can present evidence regarding Applicant's claim. The trial judge shall
determine if Applicant is indigent and wishes to be represented by counsel and, if so, shall appoint
an attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. The following issues
shall be addressed at the habeas hearing: (1) whether the promise of time credit was an affirmative
part of Applicant's plea agreement and, if so, what type of credit the agreement concerned; (2)
whether counsel believes that the promise of time credit was an affirmative part of the plea
agreement and, if so, what type of credit the agreement concerned; (3) whether counsel advised
Applicant that he would get 1578 days pre-sentence jail time credit if he pleaded guilty and, if so,
why he gave Applicant such advise; (4) whether counsel believes that Applicant would not have
pleaded guilty, but for the promise of the time credit; and, (5) whether specific performance of the
plea agreement is an available remedy and, if not, what remedy Applicant seeks. 

 The trial court shall make findings of fact as to whether the promise of time credit was an
affirmative part of Applicant's plea agreement and, if so, what type of credit the agreement
concerned. The trial court shall also make findings of fact as to whether counsel believes that the
promise of time credit was an affirmative part of the plea agreement and, if so, what type of time
credit he believes the agreement concerned. The trial judge shall make findings of fact as to whether
specific performance of the plea agreement is an available remedy and, if not, as to what remedy
Applicant seeks. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 29, 2008

Do not publish